IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2180-FL

| | | |
|---|---|---|
| LUIS GARCES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JONATHAN C. MINER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on the motion to dismiss or, in the alternative, motion for summary judgment[1] (DE # 6), of respondent Jonathan C. Miner ("respondent"). Also before the court is petitioner's motion for default judgment (DE # 10). In this posture, these matters are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's motion as moot.

## STATEMENT OF THE CASE

Petitioner currently is incarcerated at Rivers Correctional Institution, which is a privately run facility in North Carolina operated by GEO Group. Cox Decl. ¶ 4.[2] Petitioner's projected release date is December 21, 2012. Id.

---

[1] Because respondent submitted a declaration which is outside of the pleadings, the court construes respondent's motion as a motion for summary judgment.

[2] Lynnell Cox ("Cox") submitted an affidavit in support of respondent's motion for summary judgment. Cox is employed by the Federal Bureau of Prisons as a Paralegal Specialist. Cox Decl. ¶ 1.

On April 20, 2010, the Federal Bureau of Prisons ("BOP") reviewed petitioner's case to determine his eligibility for early release pursuant to 18 U.S.C. § 3621(e) for participation in its residential drug treatment program ("RDAP"). Id. ¶ 6. The BOP officials determined that petitioner was precluded from early release eligibility for participation in the RDAP pursuant to 28 C.F.R. § 550.55(b)(4)(iii), because of his prior conviction for armed assault with intent to rob. Id. ¶ 7. Despite the BOP's denial of eligibility for early release, petitioner began participating in the RDAP in June 2010, and successfully completed the program on April 4, 2011. Id. ¶ 9.

On September 22, 2011, petitioner filed this action pursuant to 28 U.S.C. § 2241. In his petition, petitioner requests that this court issue a writ of habeas corpus ordering the BOP to find him eligible for the early release incentive provided under 18 U.S.C. § 3621(e). Petitioner also challenges his incarceration in a privately-run correctional facility. As relief, petitioner requests that this court award him up to one year off of his sentence for completion of the BOP's RDAP.

On February 16, 2012, respondent filed a motion for summary judgment, arguing that petitioner's claim is without merit. Although he was notified of respondent's motion, petitioner did not respond. Petitioner, however, did file a motion for default judgment.

## DISCUSSION

A. Motion for Entry of Default

Petitioner argues that respondent is in default because respondent failed to serve him with the February 16, 2012 motion for summary judgment. In response, respondent filed a certificate of service stating that he re-served petitioner with a copy of the motion for summary judgment on

2

February 28, 2012. There is no indication that petitioner did not receive a copy of respondent's motion. Therefore, petitioner's motion for entry of default is DENIED as moot.

B.   Motion for Summary Judgment

   1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

   2.   Analysis

      a.   Sentence Credit

The parties dispute whether petitioner is eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." This section, however, does not set forth the criteria for eligibility for early release. Rather, the statute grants the BOP the discretionary authority to determine when an inmate's sentence may be reduced. Id. The BOP "may exclude inmates either categorically or on a case-by-

3

case basis, subject of course to its obligation to interpret the statute reasonably, ... in a manner that is not arbitrary or capricious." Lopez v. Davis, 531 U.S. 230, 240 (2001) (citations omitted). "When an eligible prisoner successfully completes drug treatment, the [BOP] thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." Id. at 241; see Cunningham v. Scibana, 259 F.3d 303, 307-08 (4th Cir. 2001).

Petitioner's prior conviction for armed assault with intent to rob excludes him from eligibility for early release pursuant to 28 C.F.R. § 550.55(b)(4)(iii). In opposition to this conclusion, petitioner cites the Ninth Circuit Court of Appeals' decision in Crickon v. Thomas, 579 F.3d 978 (9th Cir. 2009). In Crickon, the petitioner, pursuant to the Administrative Procedures Act, challenged 28 C.F.R. § 550.58[3], which categorically excluded certain prior convictions from early release eligibility. Id. at 982. The court in Crickon held § 550.58 "invalid because the BOP failed to provide any rationale for the categorical exclusion [of stale prior convictions] generally, and because the rationale provided for considering any prior conviction, regardless of its age, is premised upon a mistake of law, i.e., that § 3621(e)(2)(B) limits the early release incentive to inmates who have no prior convictions for violent offense." Id. at 983. However, this court previously stated that the Ninth Circuit's ruling in Crickon is not binding on this court. See Cockerham v. Johns, No. 5:09-HC-2125-FL, 2011 WL 2669260, at *2 (E.D.N.C. July 7, 2011) (citing Virginia Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 393 (4th Cir. 2001)). Moreover, in Peck v. Thomas, 682 F.3d 1201, 1207 (9th Cir. 2012), the Ninth Circuit recently upheld 28 C.F.R.

---

[3] Effective March 16, 2009, 28 C.F.R. § 550.58 was modified and enacted as 28 C.F.R. § 550.55. The provisions are nearly identical, but § 550.55 contains a detailed rationale as to why inmates who have been convicted of carrying, possessing, or using a firearm in connection with a drug trafficking offense are ineligible for consideration for early release. See Elledge v. Berkebile, No. 5:10-0388, 2011 WL 1261195, *4 (S.D.W. Va. Feb. 16, 2011).

4

550.55(b)(4) and (5), finding that the BOP addressed the procedural deficiencies identified in Crickon when issuing its 2009 revised regulations. See Austin v. Federal Bureau of Prisons, No. 6:09-485-MBS, 2010 WL 412815, at *5 (D.S.C. Jan. 27, 2010) (Section 550.55 "is a valid exercise of the BOP's discretion under § 3621(e)(2)(B)"), aff'd, 2010 WL 2331417 (4th Cir. June 9, 2010).

Based upon the foregoing, the court finds that petitioner's challenge pursuant to the Ninth Circuit's ruling in Crickon is meritless. Thus, respondent is entitled to summary judgment.

b. Rivers Assignment

Petitioner attacks his incarceration at Rivers on the grounds that Congress did not authorize a private corporation to have custody over him. Inmates, however, do not have the constitutional right to be incarcerated in any particular prison, jail, or confinement facility of any particular security level. See, e.g., Meachum v. Fano, 427 U.S. 215, 223-224 (1976); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994). Moreover, the BOP has the authority to designate the location of an inmate's imprisonment, "whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted." 18 U.S.C. § 3621(b). The BOP may "at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." Id. Moreover, the BOP is authorized to contract with non-federal institutions to house federal inmates. See 18 U.S.C. § 4013(a)(3).

Petitioner attempts to argue that North Carolina state law provides a right to be incarcerated in a BOP facility. Specifically, petitioner states that N.C. Gen. Stat. § 148-37.1 prohibits private prisons from housing out-of-state inmates. However, § 148-37.1 provides an exception for facilities "owned or operated by the federal government." N.C. Gen. Stat. § 148-37.1(b). Moreover, "[t]he Supremacy Clause and the doctrine of preemption invalidate state statutes to the extent they are

5

inconsistent with or contrary to the purposes or objectives of federal law." Sheehan v. Peveich, 574 F.3d 248, 252 (4th Cir. 2009), (citation omitted). Accordingly, this claim is without merit.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 6) is GRANTED, and petitioner's motion for default judgment (DE # 10) is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 21st day of August, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge